BELL AND ZAJICEK, INC. *v.* THE HEYWARD-ROBINSON COMPANY, INC., ET AL.

SUPERIOR COURT HARTFORD COUNTY FILE NO. 126778

Memorandum filed February 27, 1962

*Gersten, Butler & Gersten,* of Hartford, for the plaintiff.

*Kenny & Kenny,* of Hartford, for all defendants.

*A. R. Friedman,* of Hartford, for defendant Hartford National Bank and Trust Company.

KLAU, J. The defendant National Surety Corporation demurs to the first count of the plaintiff's substituted complaint on the ground that the count fails to state a cause of action against it for the reason that the mechanics' liens for which its bond was substituted are invalid, not having been sworn to as required by § 49-34 of the General Statutes.

The mechanics' liens as set forth in the first count of the substituted complaint are alleged to have been duly signed and sworn to and filed with the town clerk of the town of Hartford. Pursuant to a motion for oyer, copies of the mechanics' liens were filed as exhibits. Practice Book § 117. The copies so filed become a part of the pleadings, and the party obtaining oyer may demur to the pleading as insufficient on its face, even though there is a variance between the allegation and the exhibit. *Morehouse* v. *Employers' Liability Assurance Corporation,* 119 Conn. 416, 421.

An examination of the exhibits filed show that the liens were not sworn to by the claimant. The liens were signed by the president of the plaintiff corporation, but instead of the truth of the contents of the certificates being sworn to, the officer subscrib-

ing to the certificates merely made an acknowledgment before a commissioner of the Superior Court that he was the signer and sealer of the instrument and that it was his free act and deed and the free act and deed of the plaintiff corporation.

Section 49-34 of the General Statutes provides that "[n]o . . . lien shall be valid, unless . . . subscribed and sworn to by the claimant." The question is whether an acknowledgment is a compliance with the statute or must the certificate be sworn to in the form of a verification.

An acknowledgment is a verification of the fact of the execution of the instrument but not of its contents. 1 Am. Jur. 316 § 2, 343 § 70; 1 Words & Phrases 620; *Pittis* v. *Abrams,* 129 N.Y.S.2d 216, 217. A verification, on the other hand, is a sworn statement of the truth of the facts stated in the instrument verified. It always involves the administration of an oath. 1 Am. Jur. 942 § 13, 949; 44 Words & Phrases 138, 142. The word "swear" means in law to take oath; to give evidence or state on oath or legal equivalent, as on affirmation—as, to "swear" to a fact, against a party. *Matter of Merritt,* 187 Misc. 869, 871. The perjury statute, § 53-143, uses the words "swears . . . to any material matter when an oath . . . is required by law." Thus, while our statutes require that certain instruments be acknowledged (such as deeds; § 47-5; and chattel mortgages; §§ 49-93, 49-98), a verification is required in other instances (to corporate documents; § 33-285; habeas corpus applications; § 52-466; applications for injunctions; § 52-471).

While § 49-34 is to be construed so as to reasonably and fairly carry out its remedial intent; *Pierce, Butler & Pierce Mfg. Corporation* v. *Enders,* 118 Conn. 610, 615; the plain meaning of the language of the statute cannot be ignored. *City Lumber Co.*

v. *Borsuk,* 131 Conn. 640, 645; *Stone* v. *Rosenfield,* 141 Conn. 188, 191; 36 Am. Jur. 90, § 124. The term "sworn to" implies that the subscriber shall have declared upon oath the truth of the statement to which his name is subscribed, and a certificate which merely recites that the claimant "acknowledges" execution of the lien is insufficient. *Indiana Quarries Co.* v. *Simms,* 158 Ky. 415; *Valentine Lumber & Supply Co.* v. *Thibeault,* 333 Mass. 361, 363; *Cook Borden & Co.* v. *Commonwealth,* 293 Mass. 174, 180; *Dalbey Bros. Lumber Co.* v. *Crispin,* 234 Iowa 151; *Schenectady Contracting Co.* v. *Schenectady Ry. Co.,* 106 App. Div. 336 (N.Y.); *Owens* v. *Ebner,* 74 N.Y.S.2d 169, 171.

Since the mechanics' liens are invalid, nothing was secured by the bond given to release them. *Biller* v. *Harris,* 147 Conn. 351, 353; *Hartlin* v. *Cody,* 144 Conn. 499, 505.

The demurrer of the defendant National Surety Corporation to the first count of the plaintiff's substituted complaint is sustained.