LOUIS GHERLONE EXCAVATING, INC. *v.* MCLEAN CONSTRUCTION COMPANY, INC., ET AL.
(AC 25430)

Dranginis, Bishop and DiPentima, Js.

Argued January 18—officially released May 10, 2005

*Alfred J. Zullo*, for the appellant (plaintiff).

*Michael C. Jankovsky*, for the appellee (defendant North Main Bridge, LLC).

*John Wayne Fox* and *Patricia M. Gaug* filed a brief for the appellee (defendant JP Morgan Chase Bank, N.A.).

*Opinion*

DRANGINIS, J. This appeal concerns the judgment of dismissal rendered in an action to foreclose a mechanic's lien. On appeal, the plaintiff, Louis Gherlone Excavating, Inc., claims that the trial court improperly dismissed the action by concluding that the mechanic's lien was defective on its face because there was no verification of the truth of the statements contained in it, as required by General Statutes § 49-34.[1] Although a

---

[1] General Statutes § 49-34 provides in relevant part: "A mechanic's lien is not valid unless the person performing the services or furnishing the materials . . . lodges . . . a certificate in writing . . . (A) describing the premises, the amount claimed as a lien thereon, the name or names of the person against whom the lien is being filed and the date of the commencement of the performance of services or furnishing of materials, (B) stating that the amount claimed is justly due, as nearly as the same can be ascertained, and (C) *subscribed and sworn* to by the claimant . . . ." (Emphasis added.)

trial court properly may conclude that a plaintiff cannot prevail in an action to foreclose a mechanic's lien where the certificate required by § 49-34 does not contain a verification, the court has subject matter jurisdiction to decide whether the lien is valid. Although we agree that the mechanic's lien was defective on its face, the court's judgment of dismissal is improper. Nonetheless, we conclude that judgment should be rendered in favor of the defendants.[2]

The material facts and procedural history do not appear to be in dispute. In January, 2004, the plaintiff commenced this action against several defendants[3] to foreclose a mechanic's lien on premises known as 990-992 North Avenue, Bridgeport (premises). The mechanic's lien was attached to the complaint as exhibit B. In response, the defendants North Main Bridge, LLC, and JP Morgan Chase Bank, N.A., filed motions to dismiss the action because the mechanic's lien failed to indicate that the plaintiff's agent had verified, under oath, the truth of the statements contained in the lien, as required by § 49-34.[4] The plaintiff filed objections to the motions to dismiss to which it attached an affidavit signed by

---

[2] See *New England Pipe Corp.* v. *Northeast Corridor Foundation*, 271 Conn. 329, 338, 857 A.2d 348 (2004); see also *Peters* v. *Dept. of Social Services*, 273 Conn. 434, 438, 870 A.2d 448 (2005).

[3] The defendants are McLean Construction Company, Inc., JP Morgan Chase Bank, N.A. (Chase), O & G Industries, Inc., North Main Bridge, LLC (North Main Bridge), Walgreen Eastern Company, Inc., and the Beard Concrete Company. Only Chase and North Main Bridge submitted briefs on appeal.

[4] The mechanic's lien provides in part: "This is to certify that LOUIS GHERLONE EXCAVATING, INC. . . . in accordance with a certain contract between LOUIS GHERLONE EXCAVATING, INC. and McLean Construction Co., Inc. . . . has a lien under the statutes in such cases made and provided on the following described premises and to the buildings and structures standing thereon, in the amount of ONE HUNDRED SEVENTY FOUR THOUSAND THIRTY SEVEN AND 05/100 ($174,037.05) DOLLARS, as nearly as the same can be ascertained.

"The Lien is for the services rendered and the materials furnished for the construction on said property and the buildings thereon commenced the 24th day of October, 2002 and ending on the 7th day of May, 2003.

Louis Gherlone, the plaintiff's president. Gherlone attested to the manner in which he signed the mechanic's lien, including that he swore that he was familiar with the facts underlying the lien and that the facts stated in the lien were true.[5] Following a hearing, the court dismissed the action, stating: *"Red Rooster Con-*

"The said premises is situated in the City of Bridgeport, County of Fairfield and State of Connecticut and known as 990-992 North Avenue, and recorded in the name of JP Chase Mortgage Bank at Volume 5000 at Page 66 and North Main Bridge, LLC as Lessor pursuant to a sublease at Volume 5000, Page 70 and Walgreen Eastern, Co, Inc. As Lessee at Volume 5000, Page 82 and is bounded and described as set forth in Schedule A attached hereto and made a part hereof.

"This certification is made and filed ninety (90) days from the time of ceasing to render services and furnish materials as aforesaid.

"LOUIS GHERLONE EXCAVATING, INC.

"_____

"BY:
"ITS CREDIT MANAGER DULY AUTHORIZED
"Subscribed and sworn to before me the day and year above written.

"_____

"ALFRED J. ZULLO, Notary"

[5] Gherlone attested: "I, LOUIS GHERLONE, being duly sworn, depose and say that:

"1. I am over the age of eighteen (18) years and understand the obligations of an oath.

"2. I am the principal shareholder, President and Credit Manager of the Plaintiff, Louis Gherlone Excavating, Inc. in this matter.

"3. I am thoroughly familiar with the facts and circumstances contained in the complaint in [this] matter.

"4. At my request a Mechanic's Lien was prepared and served on the Defendants in [this] matter.

"5. That on July 8, 2003 I appeared at my attorney's office to execute the Mechanic's Lien. I read the lien before executing it, signed the lien and then was asked to raise my right hand by my attorney Alfred J. Zullo, who is also a notary public.

"6. That after I raised my right hand I was asked to swear under oath that I read the contents of the Mechanic's Lien and that statements contained in the lien were true and accurate to the best of my knowledge so help me God, to which I answered 'yes'.

"7. My attorney then executed the document and stamped it with his seal in my presence.

"8. That I make this affidavit in support of the Objection to the Motion to Dismiss filed this same date in the above matter."

*struction Co.* v. *River Associates, Inc.*, 224 Conn. 563, 577, 620 A.2d 118 (1993), requires that a document 'sworn to' must contain language that the facts contained in it are true." The plaintiff appealed.

## I

On appeal, the plaintiff raised three claims, all of which concern the validity of the mechanic's lien with respect to § 49-34 and *Red Rooster Construction Co.* v. *River Associates, Inc.*, supra, 224 Conn. 577. The defendants' counterstatements of the issues do not raise other issues. In other words, none of the parties questioned the propriety of the court's having dismissed the action, rather than exercising its jurisdiction over the matter to rule on the merits of the plaintiff's claim. In support of their motions to dismiss the plaintiff's foreclosure action, the defendants cited one sentence from *H. G. Bass Associates, Inc.* v. *Ethan Allen, Inc.*, 26 Conn. App. 426, 601 A.2d 1040 (1992), but without noting the distinguishing fact of that case. *H. G. Bass Associates, Inc.*, does not apply to this action because that case is controlled by General Statutes § 49-39.[6] The statutory basis of the defendants' motions to dismiss is § 49-34. Aside from setting forth the applicable standard of review, the parties did not address subject matter jurisdiction in their briefs on appeal.

"[T]he question of subject matter jurisdiction, because it addresses the basic competency of the court,

[6] "In Connecticut, a mechanic's lien is a creature of statute and establishes a right of action where none existed at common law. . . . It is a general rule that where a statute creates a right of action that did not exist at common law and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right; it is a limitation of the liability itself as created, and not of the remedy alone. . . . [B]ecause General Statutes § 49-39 sets the time within which the action must be commenced, it conforms with the general rule and is thus a limitation on the right." (Citations omitted.) *H. G. Bass Associates, Inc.* v. *Ethan Allen, Inc.*, supra, 26 Conn. App. 429.

can be raised by any of the parties, *or by the court sua sponte,* at any time." (Emphasis added; internal quotation marks omitted.) *Beneduci* v. *Valadares,* 73 Conn. App. 795, 805, 812 A.2d 41 (2002). "Any defendant, wishing to contest the court's jurisdiction . . . must do so by filing a motion to dismiss . . . ." Practice Book § 10-30. "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. . . ." Practice Book § 10-31 (a). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting grant of the motion to dismiss [is] de novo." (Internal quotation marks omitted.) *State* v. *Welwood,* 258 Conn. 425, 433, 780 A.2d 924 (2001).

"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. . . . Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. . . . It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citations omitted; internal quotation marks omitted.) *Amodio* v. *Amodio,* 247 Conn. 724, 727–28, 724 A.2d 1084 (1999). "Any mechanic's lien may be foreclosed in the same manner as a mortgage." General Statutes § 49-33 (i). In filing their

motions to dismiss, the defendants did not question the authority of the court to adjudicate the validity of the mechanic's lien; rather, they asked the court to determine the validity of the lien.[7]

The defendants were not without a means to raise the validity of the mechanic's lien prior to trial. "Historically, defenses to a foreclosure action have been limited to payment, discharge, release or satisfaction . . . *or, if there had never been a valid lien.* . . . The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . . . A valid special defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of the mortgage, the note or both." (Emphasis added; internal quotation marks omitted.) *Fidelity Bank* v. *Krenisky*, 72 Conn. App. 700, 705, 807 A.2d 968, cert. denied, 262 Conn. 915, 811 A.2d 1291 (2002). "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged. . . ." Practice Book § 10-50. After filing an answer and special defense, the defendants may move for summary judgment. See Practice Book § 17-44.

Although the court improperly dismissed the action because the court had subject matter jurisdiction, we decline to remand the case for further proceedings for reasons of judicial economy. See *New England Pipe*

---

[7] The leading cases concerning the validity of a mechanic's lien that was not verified were not decided pursuant to a motion to dismiss. See *Red Rooster Construction Co.* v. *River Associates, Inc.*, supra, 224 Conn. 563 (decision after trial to court); *J. C. Penney Properties, Inc.* v. *Peter M. Santella Co.*, 210 Conn. 511, 512, 555 A.2d 990 (1989) (application to discharge mechanic's lien).

*Corp.* v. *Northeast Corridor Foundation*, 271 Conn. 329, 338 n.9, 857 A.2d 348 (2004) (judicial economy militates strongly in favor of resolution of issue that is matter of law); *State* v. *Brown*, 242 Conn. 445, 447, 700 A.2d 1089 (1997); *State* v. *Angell*, 237 Conn. 321, 330, 677 A.2d 912 (1996). In all likelihood, if the matter were remanded, the defendants would answer the complaint and allege a special defense that the lien is invalid. The defendants thereafter would file motions for summary judgment. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . ." (Citations omitted; internal quotation marks omitted.) *Altfeter* v. *Naugatuck*, 53 Conn. App. 791, 800–801, 732 A.2d 207 (1999). None of the facts at issue would change on remand. On a second appeal, we again would be faced with the substantive question regarding the validity of the mechanic's lien, which is a question of law. For reasons of judicial economy, therefore, we will resolve the legal question concerning the validity of the mechanic's lien.

II

The substance of the plaintiff's claim is that the court improperly construed § 49-34 with respect to the mechanic's lien concerning the premises and concluded that Gherlone had to state in writing on the mechanic's lien certificate that the facts recited therein were true. The plaintiff also argues that § 49-34 is to be construed liberally. The issue presents a question of statutory construction. We, however, do not begin on a clean page, as a fair amount of ink has been used to construe, repeatedly, the very language at issue here. See *First Constitution Bank* v. *Harbor Village Ltd. Partnership*, 230 Conn. 807, 646 A.2d 812 (1994); *Red Rooster Construction Co.* v. *River Associates, Inc.*, supra, 224 Conn. 563; *J. C. Penney Properties, Inc.* v. *Peter M. Santella*

*Co.*, 210 Conn. 511, 555 A.2d 990 (1989); *Bell & Zajicek, Inc.* v. *Heyward-Robinson Co.*, 23 Conn. Sup. 296, 182 A.2d 339 (1962). Each of these cases held, under facts similar to those presented here, that the words "sworn to" imply that the subscriber shall declare upon oath the truth of the statement to which her or his name is subscribed.

In *J. C. Penney Properties, Inc.* v. *Peter M. Santella Co.*, supra, 210 Conn. 512, the defendant argued, as the plaintiff does here, that § 49-34 (1) (C) "requires only a signing under oath, and that the oath need not be set forth in the document itself." Our Supreme Court did not agree. " 'An acknowledgment is a verification of the fact of the execution of the instrument but not of its contents. . . . A verification, on the other hand, is a sworn statement of the truth of the facts stated in the instrument verified. It always involves the administration of an oath. . . .' *Bell & Zajicek, Inc.* v. *Heyward-Robinson Co.*, [supra, 23 Conn. Sup. 298]." (Citations omitted.) *J. C. Penney Properties, Inc.* v. *Peter M. Santella Co.*, supra, 514.

"The word 'swear' means in law to take oath; to give evidence or state on oath or legal equivalent, as on affirmation—as, to 'swear' to a fact, against a party." *Bell & Zajicek, Inc.* v. *Heyward-Robinson Co.*, supra, 23 Conn. Sup. 298. Our General Statutes distinguish between the words "swear" and "acknowledgment." See id. Although our Supreme Court has long endorsed a policy favoring liberal construction of claimed inadequacies in certificates of mechanic's liens to achieve the remedial purpose of § 49-34, it has recognized that such a policy has limitations. See *J. C. Penney Properties, Inc.* v. *Peter M. Santella Co.*, supra, 210 Conn. 514. "[T]he principles that guide our interpretation of mechanic's lien legislation are well settled. Although this legislation creates a statutory lien in derogation of the common law . . . its remedial purpose to furnish security for a contractor's labor and materials requires

a generous construction. . . . Generosity of spirit does not, however, permit departure from reasonable compliance with the specific provisions of the statute." (Internal quotation marks omitted.) Id.

"In accordance with this policy, our courts have been liberal in validating liens despite claimed errors on the face of the lien certificate where the mistake was made in good faith and no resulting prejudice was claimed." Id., 515; see also *First Constitution Bank* v. *Harbor Village Ltd. Partnership*, supra, 230 Conn. 816 (listing examples of liberal validation of liens despite claimed errors). The defendant, however, has cited no Connecticut case in which a court has validated a certificate of mechanic's lien despite the clear absence of a necessary statutory element of the certificate, nor have we found such a case.

"While § 49-34 is to be construed so as to reasonably and fairly carry out its remedial intent . . . the plain meaning of the language of the statute cannot be ignored. . . . The term 'sworn to' implies that the subscriber shall have declared upon oath the truth of the statement to which his name is subscribed, and a certificate which merely recites that the claimant 'acknowledges' execution of the lien is insufficient." (Citations omitted.) *Bell & Zajicek, Inc.* v. *Heyward-Robinson Co.*, supra, 23 Conn. Sup. 298–99. "[A] requirement that a document be sworn to contemplates the execution of an affidavit that the facts contained in it are true. . . . An oath . . . signifies the undertaking of an obligation to speak the truth at a time [that] may deeply affect the rights and the character of individuals. . . . Consequently, we have held that the mechanic's lien statute requires the performance or execution of an oath swearing that the facts contained in the document are true." (Citations omitted; internal quotation marks omitted.) *Red Rooster Construction Co.* v. *River Associates, Inc.*, supra, 224 Conn. 577–78.

We therefore conclude that the plaintiff cannot prevail in this action to foreclose the mechanic's lien because the certification does not contain a verification that the facts contained in it are true.

The form of the judgment is improper, the judgment of dismissal is reversed and the case is remanded with direction to render judgment in favor of the defendants.

In this opinion BISHOP, J., concurred.

DiPENTIMA, J., dissenting. I respectfully dissent from the conclusion reached by the majority in part II. The majority holds that the requirement of General Statutes § 49-34 that a mechanic's lien be "subscribed and sworn to by the claimant" is not met by the following certification:

"IN WITNESS WHEREOF, I set my hand and seal this 8th day of July, 2003.

     "LOUIS GHERLONE EXCAVATING, INC.

     "_____

     "BY:

     "ITS CREDIT MANAGER DULY AUTHORIZED

     "Subscribed and sworn to before me the day and year above written.

     "_____

     "ALFRED J. ZULLO, Notary"

In reaching this conclusion, the majority relies on *J. C. Penney Properties, Inc.* v. *Peter M. Santella Co.,* 210 Conn. 511, 555 A.2d 990 (1989), and *Red Rooster Construction Co.* v. *River Associates, Inc.,* 224 Conn. 563, 620 A.2d 118 (1993), which it reads as requiring a statement on the face of the lien certificate to the effect that the facts contained therein are true.

Our Supreme Court in *J. C. Penney Properties, Inc.* v. *Peter M. Santella Co.,* supra, 210 Conn. 511, held that

an "oath must appear in writing on the certificate of the mechanic's lien . . . ." The Supreme Court in *Red Rooster Construction Co.* cited *J. C. Penney Properties, Inc.*, for the proposition that "the mechanic's lien statute requires the performance or execution of an oath swearing that the facts contained in the document are true." *Red Rooster Construction Co.* v. *River Associates, Inc.*, supra, 224 Conn. 577–78. The court thereupon refused to "validate a mechanic's lien certificate without any evidence that the claimant performed some act or form of ceremony indicating that the claimant consciously undertook the obligation of an oath . . . ." Id., 579. Viewed in concert, *Red Rooster Construction Co.* and *J. C. Penney Properties, Inc.*, interpret § 49-34 as requiring a lien claimant to evidence on the face of the lien certificate that it took an oath to the effect that the facts alleged in the lien certificate are true. Neither case, either explicitly or by implication, requires a written oath on the face of the lien certificate stating in effect, "I, claimant, swear that the facts contained herein are true. /s/ claimant."

The certification on the lien in the present case contains an affirmation by a notary that the lien was "[s]ubscribed and sworn" before him by the president of the claimant. This affirmation makes apparent on the face of the lien certificate, absent a showing to the contrary, that the claimant's agent made an oath. "An oath . . . is a solemn and formal declaration that the contents of a declaration, written or oral, are true . . . ." (Internal quotation marks omitted.) *Red Rooster Construction Co.* v. *River Associates, Inc.*, supra, 224 Conn. 578. The affirmation by the notary that an oath was taken, therefore, informs the reader that the claimant's agent performed an oath, swearing that the contents of the lien document were true. Thus, to require that the claimant state in the lien certificate that its agent took an

oath swearing that the facts alleged therein are true, is redundant.[1]

To invalidate the certificate here exalts form over substance.

I would reverse the judgment of the trial court.

---

[1] The defendant North Main Bridge, LLC, also alleges that the lien certificate is invalid because it fails to state that the amount claimed is "justly due." North Main Bridge, LLC, did not brief this claim; however, I address it briefly. General Statutes § 49-34 requires that a lien certificate state "that the amount claimed is justly due, as nearly as the same can be ascertained . . . ." The claimant here avers in the lien certificate that it has a lien "in the amount of ONE HUNDRED SEVENTY FOUR THOUSAND THIRTY SEVEN AND 05/100 ($174,037.05) DOLLARS, as nearly as the same can be ascertained."

"Provisions of mechanics' lien law should be liberally construed so as to reasonably and fairly implement its remedial intent. . . . Generosity of spirit does not, however, permit departure from reasonable compliance with specific provisions of the statute." (Citation omitted; internal quotation marks omitted.) *J. C. Penney Properties, Inc.* v. *Peter M. Santella Co.*, supra, 210 Conn. 514. Reasonable compliance is "measured by whether the lienor's mistake was made in good faith and by whether prejudice resulted from the mistake." *First Constitution Bank* v. *Harbor Village Ltd. Partnership*, 230 Conn. 807, 818, 646 A.2d 812 (1994). The claimant stated in the lien certificate the amount it claims is due on the lien. There is no evidence to suggest that the omission of "justly due" was made in bad faith. Presumably, the purpose of the statutory requirement is to inform the party subject to the lien the amount sought by the claimant, an objective that was met here. Furthermore, the fact that the claimant's agent swore to the contents of the lien certificate implies that the amount sought was proper.