911 A.2d 300 (2006)
289 Conn. 672
STONE-KRETE CONSTRUCTION, INC.
v.
Jill P. EDER.
No. 17686.
Supreme Court of Connecticut.
Argued September 5, 2006.
Decided December 19, 2006.
*302 Todd H. Lampert, New Canaan, with whom, on the brief, was Ann H. Brickley, for the appellant-appellee (defendant).
Nathalie Feola-Guerrieri, with whom, on the brief, was Daniel Shepro, Stratford, for the appellee-appellant (plaintiff).
BORDEN, NORCOTT, KATZ, PALMER and VERTEFEUILLE, Js.
VERTEFEUILLE, J.
The defendant, Jill P. Eder, appeals from the decision of the trial court denying her motion to discharge a mechanic's lien filed by the plaintiff, Stone-Krete Construction, Inc., in this action for the foreclosure of a mechanic's lien. The defendant contends that the trial court improperly concluded that the mechanic's lien complied with the "subscribed and sworn to" requirements of General Statutes § 49-34(1)(C)[1] because the lien did not contain a written recital of an oath swearing to the truth of the facts contained in the lien and because the jurat[2] executed by a commissioner of the Superior Court is not sufficient to satisfy the statute. We disagree and, accordingly, affirm the decision of the trial court.
Our resolution of this appeal is guided by the following undisputed facts and procedural history. On March 14, 2005, the plaintiff recorded a mechanic's lien in the land records of the town of Guilford against the defendant's real property located at 438 Vineyard Point Road. Pursuant to § 49-34, the mechanic's lien described the premises, the amount claimed as a lien, the name of the defendant as the *303 person against whom the lien was filed, and the date the plaintiff began furnishing the services and materials that gave rise to the mechanic's lien. Additionally, Michael Tardy, the plaintiff's president signed the mechanic's lien, and the plaintiff's attorney, acting as a commissioner of the Superior Court, signed the document after administering an oath to Tardy. The signature of the plaintiff's attorney appears on the lien document after the following passage: "Personally appeared [Tardy] on behalf of [the plaintiff], signer of the foregoing certificate and made solemn oath . . . that the facts stated therein are true, and that the sum of SEVEN THOUSAND SEVEN HUNDRED EIGHTY-FIVE DOLLARS & NO CENTS ($7,785.00) as nearly as the same can be ascertained, with interest, is justly due."
The plaintiff thereafter brought the present action to foreclose the mechanic's lien. The defendant then filed a motion to discharge or reduce the mechanic's lien, claiming, inter alia, that the lien did not comply with the "subscribed and sworn to" requirements of § 49-34(1)(C). Specifically, the defendant claimed that § 49-34(1)(C) requires that a mechanic's lien contain both a written oath signed by the plaintiff and a notary public's attestation that the plaintiff has sworn to the truth of the facts asserted in the lien. The trial court denied the defendant's motion to discharge or reduce the mechanic's lien, determining that the plaintiff had sustained its burden of proof regarding the validity of the lien and that the lien complied with the "subscribed and sworn to" requirements of § 49-34(1)(C). The court, however, permitted the defendant to post a bond in the amount of $9200 in lieu of the mechanic's lien. Thereafter, the defendant appealed from the decision of the trial court to the Appellate Court, and the plaintiff subsequently cross appealed.[3] After having heard oral argument on the appeal and cross appeal, the Appellate Court filed a statement with this court pursuant to Practice Book § 65-2 requesting that we transfer the appeals to this court. We granted the Appellate Court's request and thereafter heard oral argument on the appeals pursuant to General Statutes § 51-199(c).

I
On appeal, the defendant claims the mechanic's lien was not "subscribed and sworn to" in accordance with § 49-34(1)(C) because the plaintiff did not include within the lien a written oath swearing to the truth of the facts alleged therein. More specifically, the defendant contends that the jurat at the end of the mechanic's lien certificate, in which the plaintiff's attorney certified that the plaintiff had sworn to the truth of the facts set forth in the mechanic's lien, does not comport with the oath requirement contained in § 49-34(1)(C). We disagree.
At the outset, we set forth the applicable standard of review. "As in all matters of statutory interpretation, we apply a de novo standard of review on appeal because the issue is one of law." Autotote Enterprises, Inc. v. State, 278 Conn. 150, 160, 898 A.2d 141 (2006).
"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied *304 to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z[4] directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) Kinsey v. Pacific Employers Ins. Co., 277 Conn. 398, 405, 891 A.2d 959 (2006). With these principles in mind, we begin our analysis, by examining the language of the statute.
Section 49-34(1)(C) provides in relevant part that, "[a] mechanic's lien is not valid unless the person performing the services or furnishing the materials . . . lodges . . . a certificate in writing . . . subscribed and sworn to by the claimant. . . ." (Emphasis added.) Section 49-34 does not, however, define the phrase "subscribed and sworn to. . . ." In the absence of a statutory definition, we turn to General Statutes § 1-1(a), which provides in relevant part: "In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language. . . ." To ascertain the commonly approved usage of a word, "we look to the dictionary definition of the term." (Internal quotation marks omitted.) Chatterjee v. Commissioner of Revenue Services, 277 Conn. 681, 690, 894 A.2d 919 (2006). According to Webster's Third New International Dictionary, "subscribe" means "to write (as one's name) underneath" and "sworn" means "bound by an oath. . . ." Thus, the term "subscribed" means that the statute requires a claimant to sign at the end of the mechanic's lien, and the phrase "sworn to" is commonly understood to mean the claimant is required to take an oath. Reading both terms together, the text of the statute therefore seems to require that the person executing a mechanic's lien: (1) sign at the end of the lien; and (2) take an oath.
Section 1-2z also requires us to consider § 49-34 in relationship to other statutes to determine if the "subscribed and sworn to" provision of § 49-34(1)(C) is plain and unambiguous. Board of Education v. State Board of Education, 278 Conn. 326, 334, 898 A.2d 170 (2006). "[T]he legislature is always presumed to have created a harmonious and consistent body of law. . . . [T]his tenet of statutory construction . . . requires [this court] to read statutes together when they relate to the same subject matter. . . . Accordingly, [i]n determining the meaning of a statute . . . we look not only at the provision at issue, but also to the broader statutory scheme to ensure the coherency of our construction. . . . [T]he General Assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them." (Internal quotation marks omitted.) Id., at 333-34, 898 A.2d 170.
General Statutes § 1-22 sets forth the requirements for the ceremony that must accompany an oath. That statute provides: "The ceremony to be used, by persons to whom an oath is administered, shall be the holding up of the right *305 hand; but when any person, by reason of scruples of conscience, objects to such ceremony or when the court or authority by whom the oath is to be administered has reason to believe that any other ceremony will be more binding upon the conscience of the witness, such court or authority may permit or require any other ceremony to be used." General Statutes § 1-22. Accordingly, "[§ ] 1-22 requires, therefore, that some ceremony be conducted if an oath is obligated by statute or other law." Red Rooster Construction Co. v. River Associates, Inc., 224 Conn. 563, 578, 620 A.2d 118 (1993).
We conclude, therefore, that when the "subscribed and sworn to" language of § 49-34(1)(C) is read in light of its common usage and together with § 1-22, its meaning is plain and unambiguous because it is susceptible to only one reasonable interpretation. We conclude that the "subscribed and sworn to" provision requires that a claimant executing a mechanic's lien sign the lien at the end and take part in an oath ceremony in which the claimant swears to the truth of the facts set forth in the lien, and, further, that there be evidence in the lien, such as a jurat, confirming the administration of the oath by a notary public or a commissioner of the Superior Court.
In the present case, it is undisputed that Tardy, on behalf of the plaintiff, swore to the truth of the contents of the mechanic's lien before a commissioner of the Superior Court, who confirmed that Tardy took the oath by signing the jurat.[5] The defendant claims that the jurat, without more, does not validate the lien under this court's previous rulings in J.C. Penney Properties, Inc. v. Peter M. Santella Co., 210 Conn. 511, 555 A.2d 990 (1989), and Red Rooster Construction Co. v. River Associates, Inc., supra, 224 Conn. at 563, 620 A.2d 118, because, according to the defendant, both cases require that a recitation of the claimant's oath appear in the lien.[6] Specifically, the defendant claims that, in J.C. Penney Properties, Inc., and Red Rooster Construction Co., this court determined that a written statement, akin to an affidavit, must be included in the lien in order for the lien to satisfy the "subscribed and sworn to" requirements of § 49-34(1)(C). We disagree with the defendant's reading of both of these cases.
In J.C. Penney Properties, Inc. v. Peter M. Santella Co., supra, 210 Conn. at 512, 555 A.2d 990, the vice president of the claimant corporation testified that his attorney administered an oath prior to the officer signing the mechanic's lien certificate. No evidence that the officer had taken the oath appeared, however, in the lien. Id., at 512, 518, 555 A.2d 990. Rather, the lien contained only an acknowledgment signed by the attorney acknowledging the official's execution of the *306 lien. Id., at 513 n. 4, 555 A.2d 990. Distinguishing between an acknowledgment and a verification, this court concluded that "an acknowledgment is a public declaration or a formal statement of the person executing an instrument . . . that the execution of that instrument was his free act and deed. . . . A verification, on the other hand, is a sworn statement of the truth of the facts stated in the instrument verified. It always involves the administration of an oath." (Citations omitted; internal quotation marks omitted.) Id., at 513-14, 555 A.2d 990. To further differentiate between an acknowledgment and a verification, this court explained that an acknowledgment signifies that a person voluntarily has signed a document whereas a verification is similar to an affidavit in that it signifies that a person has sworn to the truth of a document's contents. Id. Although this court in J.C. Penney Properties, Inc., analogized an oath to an affidavit for purposes of clarification, the court did not establish an additional or alternate requirement that a mechanic's lien must contain an affidavit or similar writing. This court concluded in J.C. Penney Properties, Inc., that neither the claimant's oral testimony that the lien had been sworn to nor the acknowledgment in the lien met the statutory requirements because the lien nevertheless failed to contain written evidence required by § 49-34(1)(C) that an oath had been taken.[7] Id., at 518, 555 A.2d 990.
In Red Rooster Construction Co. v. River Associates, Inc., supra, 224 Conn. at 579, 620 A.2d 118, this court declined to overrule the trial court's determination that a lien certificate was invalid when the claimant merely had signed the certificate in a notary's presence and had not sworn to the certificate's truth. The court repeated its earlier determination in J.C. Penney Properties, Inc., that, to be valid, a mechanic's lien must evidence on the face of the lien that the claimant has taken an oath: "To validate a mechanic's lien certificate without any evidence that the claimant performed some act or form of ceremony indicating that the claimant consciously undertook the obligation of an oath `would invite confusion, delay and uncertainty into an area where certainty and complete compliance with the statutory requirements are of paramount importance to interested parties and the general public.'" Id., at 579, 620 A.2d 118, quoting J.C. Penney Properties, Inc. v. Peter M. Santella Co., supra, 210 Conn. at 518, 555 A.2d 990.
Thus, in Red Rooster Construction Co. v. River Associates, Inc., supra, 224 Conn. at 579, 620 A.2d 118, this court affirmed the trial court's decision invalidating the lien because no oral oath had been administered, no oath ceremony had been performed and the lien lacked "a statement swearing to the truth of the facts contained" therein.[8] We do not read this *307 decision as establishing a requirement that a mechanic's lien must contain a signed, written oath in order to be valid.
Moreover, the defendant's claim that § 49-34(1)(C) requires an affidavit or similar writing is not in keeping with the plain language of § 49-34, which makes no mention of an affidavit requirement nor of a requirement that a written recital of the claimant's oath appear on the lien. The statute requires only that the lien be "subscribed and sworn to. . . ." General Statutes § 49-34(1)(C). "[T]his court cannot, by judicial construction, read into legislation provisions that clearly are not contained therein. . . . In determining legislative intent, in the absence of ambiguity, we look only to what the legislature actually said, not to what it might have meant to say." (Citation omitted.) Stitzer v. Rinaldi's Restaurant, 211 Conn. 116, 119, 557 A.2d 1256 (1989). If the legislature intended to require that an affidavit be contained within the mechanic's lien, it knows how to enact such a requirement.[9] See Fedus v. Planning & Zoning Commission, 278 Conn. 751, 770-71 n. 17, 900 A.2d 1 (2006) (noting that legislature knows how to enact legislation consistent with its intent). Likewise, had the legislature intended to require a written recital of the oath within the lien, that requirement could have been included in the text of § 49-34(1)(C).
In the present case, it is undisputed that on its face the mechanic's lien evidences that Tardy, the plaintiff's representative, took part in an oath ceremony conducted and administered by the plaintiff's attorney and that the plaintiff's attorney, in her capacity as a commissioner of the Superior Court, certified on the face of the lien by signing the jurat that the oath had been taken. We therefore conclude that the mechanic's lien satisfied the requirements of § 49-34(1)(C).[10]

*308 II
In its cross appeal, the plaintiff claims that the trial court improperly declined to include an award of attorney's fees in the amount of the bond substituted for the mechanic's lien. The defendant claims in its reply brief that the plaintiff has provided an inadequate record for review of this issue. Because the trial court was silent in its decision not to include attorney's fees and because the plaintiff failed to request an articulation of the court's reasoning, we agree with the defendant that the record is inadequate to decide this issue.
The following additional facts are relevant to the resolution of the cross appeal. After the plaintiff brought the action to foreclose its mechanic's lien, the defendant filed a motion in that action to discharge or reduce the lien or, if the lien was not discharged, to substitute a bond for the lien. At the hearing on the defendant's motion, the plaintiff argued that attorney's fees should be included in the amount of the bond to be substituted for the lien. The plaintiff requested that the amount of the bond be increased to include approximately $4000 in attorney's fees. The defendant, in turn, disputed both the amount claimed by the plaintiff and the plaintiff's legal argument that attorney's fees could be included in the amount of the bond to be substituted for the lien. The trial court thereafter ordered that the defendant could post a $9200 bond in substitution for the lien.
When an issue is raised in the trial court but the court declines to address it, an appellate court may consider it if the facts are undisputed and the issue is purely a question of law. Community Action for Greater Middlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387, 395-96, 757 A.2d 1074 (2000). When it is unclear from the record whether the trial court based its decision on factual or legal conclusions "any decision made by [this court] respecting [the plaintiff's claims] would be entirely speculative." (Internal quotation marks omitted.) Id., at 394, 757 A.2d 1074.
In the present case, it is unclear from the trial court's order whether it failed to award attorney's fees because of factual insufficiency, lack of witness credibility, a legal conclusion that attorney's fees could not be included in the bond, whether the bond was reduced in light of the attorney's fees, whether the bond actually included the fees, or whether the trial court simply forgot to address the plaintiff's request. The court's order merely states, without any explanation, that the defendant may post a $9200 bond in lieu of the mechanic's lien. Under these circumstances, the plaintiff should have filed a motion for articulation to preserve an adequate record for review. See Practice Book §§ 61-10[11] and 66-5.[12] It is well established that *309 "[a]n articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification. . . . [P]roper utilization of the motion for articulation serves to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal." (Internal quotation marks omitted.) Alliance Partners, Inc. v. Oxford Health Plans, Inc., 263 Conn. 191, 204, 819 A.2d 227 (2003). In the absence of an articulation, we are unable to determine the basis for the court's decision, and we therefore decline to review this claim.
The judgment is affirmed.
In this opinion the other justices concurred.
NOTES
[1] General Statutes § 49-34 provides: "A mechanic's lien is not valid unless the person performing the services or furnishing the materials (1) within ninety days after he has ceased to do so, lodges with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing, which shall be recorded by the town clerk with deeds of land, (A) describing the premises, the amount claimed as a lien thereon, the name or names of the person against whom the lien is being filed and the date of the commencement of the performance of services or furnishing of materials, (B) stating that the amount claimed is justly due, as nearly as the same can be ascertained, and (C) subscribed and sworn to by the claimant, and (2) not later than thirty days after lodging the certificate, serves a true and attested copy of the certificate upon the owner of the building, lot or plot of land in the same manner as is provided for the service of the notice in section 49-35."
[2] General Statutes § 3-94a (2) provides: "`Jurat' means a notarial act in which a notary public certifies that a signatory, whose identity is personally known to the notary public or proven on the basis of satisfactory evidence, has made, in the notary public's presence, a voluntary signature and taken an oath or affirmation vouching for the truthfulness of the signed document."

General Statutes § 51-85 provides in relevant part: "Each attorney-at-law admitted to practice within the state, while in good standing, shall be a commissioner of the Superior Court and, in such capacity, may, within the state, sign writs and subpoenas, take recognizances, administer oaths and take depositions and acknowledgments of deeds. . . ."
[3] In its cross appeal, the plaintiff claimed that the trial court improperly had failed to include attorney's fees in the amount of the bond that was substituted for the mechanic's lien. We address the cross appeal in part II of this opinion.
[4] General Statutes § 1-2z provides: "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extra-textual evidence of the meaning of the statute shall not be considered."
[5] At the hearing on the defendant's motion to discharge or reduce the lien, Tardy testified to the oath administered by the plaintiff's attorney: "[The plaintiff's counsel] mentioned to me that she had the lien and that she read through it and prior to me signing anything had asked me . . . Is this true about the information? I don't know the actual wording or how it was said, but, Are you aware that everything that you say here is true and so on and so forth, so swear before me. And there was actually another person present in the room who I don't remember her name, who was there to actual[ly] witness my signature, on that first page in her office." Tardy also testified that he raised his right hand during the ceremony.
[6] The plaintiff claims that the defendant insufficiently briefed this issue and that the court should therefore decline to consider it. We conclude that the defendant's brief was minimally adequate, and we therefore will address the issue raised on appeal.
[7] In State v. Colon, 230 Conn. 24, 32 n. 3, 644 A.2d 877 (1994), this court characterized our conclusion in J.C. Penney Properties, Inc.: "Our holding in J.C. Penney Properties, Inc., that a valid certificate of mechanic's lien contain a written oath, can be attributed to the statutory requirement, contained in § 49-34, that the lien certificate be recorded. . . . The oath, to be recorded, necessarily must be in writing." (Citation omitted.) To be more precise, our conclusion in J.C. Penney Properties, Inc., was that § 49-34(1)(C) requires evidence in the mechanic's lien that the claimant executing the lien took an oath swearing to the truth of the facts set forth in the mechanic's lien. J.C. Penney Properties, Inc. v. Peter M. Santella Co., supra, 210 Conn. at 518, 555 A.2d 990.
[8] The defendant in the present case also relies on the majority opinion in Louis Gherlone Excavating, Inc. v. McLean Construction Co., 88 Conn.App. 775, 871 A.2d 1057 (2005), cert. granted, 274 Conn. 909, 876 A.2d 1201 (2005) (appeal withdrawn February 3, 2006), which was based on facts similar to those in the present case. In that case, we granted certification to appeal limited to the issue of whether the mechanic's lien was invalid. Louis Gherlone Excavating, Inc. v. McLean Construction Co., supra, 274 Conn. at 910, 876 A.2d 1201. The appeal was withdrawn, however, prior to a decision from this court. Our conclusion in the present appeal demonstrates our disagreement with the majority in Louis Gherlone Excavating, Inc.
[9] For example, the legislature has required that individuals seeking a prejudgment remedy must include an affidavit along with an unsigned writ, summons and complaint and application. See General Statutes § 52-278c(a)(2). Additionally, General Statutes § 52-518 requires an affidavit for a writ of replevin to be issued and General Statutes § 49-8a(b) requires an affidavit for a release of mortgage. Both of these statutes prescribe the form the affidavit must take. See General Statutes §§ 52-519 and 49-8a(c).
[10] Courts in other states that have addressed what it means for a document to be "sworn to" have come to a similar conclusion. See H.A.M.S. Co. v. Electrical Contractors of Alaska, Inc., 563 P.2d 258, 263 (Alaska 1977) (holding that mechanic's lien is valid only if it is verified by oath); Miller v. Board of Supervisors, 248 Iowa 1132, 1136, 84 N.W.2d 38 (1957) (determining that jurat is one form of evidence that proves document has been sworn to); D.T. McCall & Sons v. Seagraves, 796 S.W.2d 457, 462 (Tenn.App.1990) (noting that requirement that "the complaint be filed under oath means that the claimant or the claimant's attorney must state under oath that the allegations in the complaint are true"); Kellner v. Christian, 197 Wis.2d 183, 198, 539 N.W.2d 685 (1995) (noting that for notice to be "`sworn to' . . . claimant must make an oath or affirmation as to the truthfulness of the contents of the notice" and "the notice must contain a statement showing that the oath or affirmation occurred" [citation omitted]). Additionally, the Court of Appeals of Idaho determined that a mechanic's lien meets the state's statutory verification requirement where the lien "recites that an oath has been administered and states that the claim is believed to be true and just." Treasure Valley Plumbing & Heating, Inc. v. Earth Resources Co., 106 Idaho 920, 922, 684 P.2d 322 (1984).
[11] Practice Book § 61-10 provides: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. For purposes of this section, the term 'record' is not limited to its meaning pursuant to Section 63-4(a)(2), but includes all trial court decisions, documents and exhibits necessary and appropriate for appellate review of any claimed impropriety."
[12] Practice Book § 66-5 provides in relevant part: "A motion seeking corrections in the transcript or the trial court record or seeking an articulation or further articulation of the decision of the trial court shall be called a motion for rectification or a motion for articulation, whichever is applicable. Any motion filed pursuant to this section shall state with particularity the relief sought. . . .

"If any party requests it and it is deemed necessary by the trial court, the trial court shall hold a hearing at which arguments may be heard, evidence taken or a stipulation of counsel received and approved. The trial court may make such corrections or additions as are necessary for the proper presentation of the issues raised or for the proper presentation of questions reserved. The trial judge shall file the decision on the motion with the appellate clerk. . . ."