INESSA SLOOTSKIN ET AL. *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES ET AL.
(AC 21867)

Foti, Dranginis and Healey, Js.

---

Argued May 28—officially released September 24, 2002

*Marc L. Zaken,* with whom were *Alison Jacobs Wice* and, on the brief, *Charles D. Ray,* for the appellant (defendant John Brown Engineering and Construction, Inc.).

*David M. Cohen,* with whom was *Alex K. Sherman,* for the appellee (named plaintiff).

*Joanne V. Yandow*, assistant commission counsel, with whom, on the brief, was *Raymond P. Pech*, for the appellee (named defendant).

*Opinion*

DRANGINIS, J. In this employment discrimination action, the defendant John Brown Engineering and Construction, Inc.,[1] appeals from the judgment of the Superior Court sustaining, in part, the appeal by the plaintiff Inessa Slootskin and remanding the case to the commission on human rights and opportunities (commission) for further proceedings related to the issue of the appropriate award of damages. On appeal, the defendant claims that the court improperly (1) sustained the plaintiff's appeal when substantial evidence existed in the record to support the award of damages by the commission's hearing officer and (2) issued directions on remand to the commission for further proceedings. We affirm, in part, and reverse, in part, the judgment of the trial court.

The following facts and procedural history are pertinent to our resolution of the defendant's appeal. In 1984, the defendant employed the plaintiff as an entry-level engineer. Due to a work shortage, the plaintiff left her employment with the defendant, but rejoined the company in October, 1988, as a senior engineer in the

[1] The commission on human rights and opportunities (commission) and the plaintiff Inessa Slootskin originally appealed to the Superior Court from the decision by the commission's hearing officer. See General Statutes §§ 4-183 and 46a-94a; *Commission on Human Rights & Opportunities v. Truelove & Maclean, Inc.*, 238 Conn. 337, 342–43, 680 A.2d 1261 (1996). Named as defendants were Inessa Slootskin's employer, John Brown Engineering and Construction, Inc., and the commission, acting in its quasi-judicial capacity through its hearing officer. The court sustained the appeal and remanded the matter to the commission. It now is the defendant employer that appeals from the judgment of the trial court. We therefore refer in this opinion to John Brown Engineering and Construction, Inc., as the defendant and to Inessa Slootskin as the plaintiff.

defendant's heating, ventilating and air conditioning (HVAC) department. The defendant, at the time, was located in Stamford.

On June 5, 1992, the defendant terminated the plaintiff's employment on the ground of an alleged lack of work. At the time of her termination, the plaintiff was fifty-four years old. Shortly thereafter, the plaintiff filed a complaint with the commission, alleging that the defendant had engaged in discriminatory employment practices, and terminated her employment due to age and sex discrimination in violation of General Statutes § 46a-60 (a) (1).[2] A hearing before a commission hearing officer ensued.

The hearing officer concluded that the plaintiff's termination was due to the defendant's overt practice of age discrimination.[3] Specifically, the hearing officer determined that "[t]he justification by the [defendant] that there was a lack of work was pretextual as it was clear that the older workers were not assigned work, when the younger workers were so busy that they had substantial overtime." In support of that conclusion, the hearing officer found that from January, 1992, until June, 1992, the defendant terminated the employment of four other engineers in the HVAC department, all of

[2] General Statutes § 46a-60, entitled "Discriminatory employment practices prohibited," provides in relevant part: "(a) It shall be a discriminatory practice in violation of this section: (1) For an employer, by himself or his agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against him in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, *age, sex*, marital status, national origin, ancestry, present or past history of mental disorder, mental retardation, learning disability or physical disability, including, but not limited to, blindness . . . ." (Emphasis added.)

[3] The hearing officer dismissed the plaintiff's claims that she had been discriminated against on the basis of her gender and had been denied equal pay relative to that of male engineers, finding that she had failed to establish a prima facie case for either claim.

whom were older than forty-five. Four other engineers in the department, however, who were younger than forty, were not discharged. Moreover, evidence was adduced that Joseph Cozza, the defendant's vice president and director of engineering who was responsible for employment decisions in the HVAC department, had stated to several employees that the company needed "new blood" and "young engineers." In her written decision, the hearing officer noted in finding of fact number twenty-four that in "March of 1994, the [defendant] relocated its offices from Stamford to New Jersey. At that time, only one engineer remained, Carl Halpern."

Pursuant to General Statutes § 46a-86 (a) and (b), the hearing officer then awarded $109,174.28 in damages to the plaintiff in the form of back pay. The hearing officer based the award on the length of time that the plaintiff would have remained employed by the defendant, had she not been discharged for discriminatory reasons. Apparently relying on finding of fact number twenty-four, the hearing officer determined that the plaintiff was entitled to back pay from the date of her termination in June, 1992, through March, 1994, the time when the defendant relocated its HVAC department to New Jersey. In fashioning the award, the hearing officer stated that the "[e]vidence presented indicates that [the defendant] had a corporate relocation in March of 1994, and all remaining employees in the HVAC department were laid off, except Carl Halpern." The plaintiff contended that she would have remained at the defendant company until her retirement, but the hearing officer found that "[t]his argument is speculative in light of the corporation's downsizing and relocation to New Jersey."

The plaintiff appealed to the trial court pursuant to General Statutes § 4-183, challenging the damages award on the ground that the hearing officer improperly limited her recovery of back pay in contravention of

the substantial evidence in the record. Specifically, the plaintiff urged that had she not been "terminated unlawfully by [the defendant] in June, 1992, on the basis of her age, she would have been fully eligible for continued employment with the company when the Stamford location was closed and the remaining members of the HVAC department were transferred to New Jersey."

After thoroughly reviewing the record, the court agreed with the plaintiff and concluded in its memorandum of decision that the commission had "erroneous[ly] conclu[ded] that [the] '[e]vidence presented indicates that [the defendant] had a corporate relocation in March of 1994, *and all remaining employees in the HVAC department were laid off,* except Carl Halpern." (Emphasis in original.) Specifically, the court concluded that the hearing officer improperly limited the plaintiff's recovery in back pay to the date of March, 1994, because substantial evidence existed in the record demonstrating that the remaining HVAC engineers were not laid off but, rather, were given the opportunity to relocate. Accordingly, the court remanded the matter to the commission for further proceedings. The defendant now appeals from the court's decision.

The defendant claims that the court improperly concluded that the substantial evidence in the record failed to support the hearing officer's decision to limit to March, 1994, the plaintiff's recovery of damages in the form of back pay. Further, the defendant contends that the court improperly substituted its factual findings for those of the commission.[4] We are not persuaded.

We first set forth the applicable standard of review. "Judicial review of an administrative agency decision

---

[4] In her brief, the plaintiff raises the additional argument that the hearing officer improperly ordered the parties to file simultaneous briefs on the issue of damages. The plaintiff complied with the requirements of Practice Book § 63-4 (a) in asserting that claim. Given our conclusion, we find it unnecessary, as did the trial court, to address that issue.

requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . This so-called substantial evidence rule is similar to the sufficiency of the evidence standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . [I]t imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action. . . . The United States Supreme Court, in defining substantial evidence in the directed verdict formulation, has said that it is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. . . . This substantial evidence rule is embodied in General Statutes § 4-183 (j) (5) and (6)." (Internal quotation marks omitted.) *Commission on Human Rights & Opportunities* v. *Truelove & Maclean, Inc.*, 238 Conn. 337, 352, 680 A.2d 1261 (1996).

"Under General Statutes § 4-183 (j), the substantial evidence rule governs judicial review of administrative fact- finding. . . . In determining whether an administrative finding is supported by substantial evidence, the reviewing court must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part. . . . [A]n agency is not required to use in any particular fashion any of the materials presented to it so long as the conduct of the hearing is fundamentally fair. . . .

The determination of issues of fact by the administrative agency should be upheld if the record before the agency affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . Ultimately, the question is not whether the trial court would have reached the same conclusion but whether the record before the [agency] supports the action taken. . . . If the decision of the agency is reasonably supported by the evidence in the record, it must be sustained." (Citations omitted; internal quotation marks omitted.) *Levy* v. *Commission on Human Rights & Opportunities*, 35 Conn. App. 474, 486–87, 646 A.2d 893 (1994), aff'd, 236 Conn. 96, 671 A.2d 349 (1996).

As the court properly noted, the hearing officer fashioned the plaintiff's award in damages on the basis of the fundamental conclusion that "the [e]vidence presented indicates that [the defendant] had a corporate relocation in March of 1994, and all remaining employees in the HVAC department were laid off, except Carl Halpern." Specifically, the hearing officer limited the plaintiff's award in back pay to cover the period from June, 1992, through March, 1994, "in light of the corporation's downsizing and relocation to New Jersey." Accordingly, the hearing officer found it highly speculative that absent the discrimination, the plaintiff would have remained at the defendant company after March, 1994.

The court concluded that the hearing officer's statement regarding the layoff of all remaining employees in the HVAC department, with the exception of Carl Halpern, lacked any support in the record. Specifically, it found that there was no corroboration in the record between the hearing officer's finding that "[i]n March of 1994, the [defendant] relocated its offices from Stamford to New Jersey. At that time, only one engineer remained, Carl Halpern," and the subsequent proposition in the damages section of the hearing officer's

decision that all other remaining employees had been laid off.

After conducting a thorough review of the stipulated record, the court determined, rather, that the evidence in the record demonstrated that the defendant gave many of the remaining HVAC employees the opportunity either to transfer to a different department or to relocate to the New Jersey office. The court then proceeded to list those HVAC engineers who transferred from one department to another, left the defendant's employ altogether or relocated to New Jersey.[5]

After thoroughly reviewing the stipulated record, we agree with the court that the record lacks substantial evidence to support the hearing officer's determination that due to downsizing and the corporate relocation to New Jersey, the defendant would have laid off the plaintiff in 1994. There was no such evidence adduced to support such a finding. To the contrary, as the court noted, the evidence demonstrates that in 1994 the defendant did not necessarily layoff any of the remaining HVAC engineers upon relocating to New Jersey. Rather, the record discloses that when the defendant decided to close its HVAC department in the Connecticut office, it gave the remaining HVAC engineers the opportunity

---

[5] Specifically, the court noted the evidence in the record that four HVAC engineers, Joel Parisy, James Mulligan, Halpern and Ashok G. Krishnamurthy, all ultimately relocated to New Jersey to work for the defendant. Krishnamurthy transferred to a different department in the New Jersey office, and Mulligan soon thereafter quit. Stanley Armistead, also an HVAC engineer, was able to switch departments and continue to work in Connecticut. Another HVAC engineer, Frank Tierno, declined the opportunity to transfer to New Jersey and subsequently quit working for the defendant.

We find it of interest to point out that the hearing officer explicitly listed Tierno, Mulligan, Krishnamurthy and Armistead as the four engineers younger than forty whose employment the defendant did not terminate in 1992. The hearing officer contrasted those four men with the four engineers in the HVAC department, including the plaintiff, who were older than forty-five, whose employment the defendant terminated between January and June, 1992.

to remain with the company by either relocating to New Jersey or transferring to another department. [6] In her findings of fact, the hearing officer failed to refer to the defendant's laying off employees in 1994, nor does the record reveal any such occurrences.[7] Although all of the HVAC engineers who were offered the opportunity, except for Halpern, ultimately declined the option to relocate to New Jersey, and thereafter either quit or terminated their employment, the fact remains that the defendant offered them the opportunity to remain in its employ. The defendant, moreover, did not provide any testimony or evidence during the hearing regarding the viability of its Connecticut office and whether it engaged in HVAC department wide layoffs in 1994.

Given that the defendant offered other HVAC engineers the opportunity to continue working in its New Jersey location or to transfer between departments, there is nothing in the record to suggest that absent its discriminatory actions, the defendant would have precluded the plaintiff from relocating as well. We therefore conclude that the record does not contain substantial evidence from which the hearing officer reasonably could have determined that absent the

---

[6] We note that the record discloses that the defendant terminated the employment of four HVAC engineers in 1992, including the plaintiff, and laid off another HVAC engineer in 1993. The hearing officer, however, in limiting the plaintiff's award in damages, referred solely to the defendant's actions in 1994.

[7] The defendant in its principal brief concedes that "[engineer James] Mulligan voluntarily left [the defendant], while [engineer Joel] Parisy's and [engineer Frank] Tierno's jobs in Stamford were eliminated and their employment terminated when *they each ultimately declined* to move to New Jersey." (Emphasis added.) The defendant also states in its brief that it "offered [engineer Ashok G.] Krishnamurthy a transfer to the New Jersey office to do Validation work. . . . Based on all of these departures, by March, 1994, Halpern was the only engineer in the Stamford HVAC department who still remained in that department." Those statements undercut the defendant's claim that ample evidence exists in the record that it had engaged in across-the-board layoffs and downsizing in 1994.

defendant's discriminatory action and due to the defendant's downsizing and layoffs, the plaintiff's employment would have otherwise ended in March, 1994. Our search of the record persuades us that the evidence adduced at the hearing is insufficient to support the hearing officer's determination that the defendant laid off all of its employees, except Halpern, in 1994.

In so concluding, we emphasize that the only issue we have decided here is whether substantial evidence in the record exists with respect solely to the defendant's downsizing and layoffs in 1994. Although we find that the hearing officer improperly limited the plaintiff's recovery of back pay damages as it relates to the defendant's actions in 1994, our determination does not conclude or imply that the record lacks substantial evidence for restricting the plaintiff's recovery on other grounds.

The defendant argues that in disturbing the hearing officer's award of damages and remanding the matter, the court exceeded its restricted role and substituted its discretion for that of the commission. Particularly, the defendant contends that the court improperly reweighed the evidence and adjudicated the facts rather than search the record for substantial evidence. With respect to whether substantial evidence exists in the record to support a finding that the defendant engaged in layoffs in 1994, we conclude, as previously set forth, that the court properly reviewed the record for a "substantial basis of fact from which the fact in issue can be reasonably inferred," *Miko* v. *Commission on Human Rights & Opportunities*, 220 Conn. 192, 201, 596 A.2d 396 (1991),[8] and did not base its decision on improper fact-finding.

---

[8] In raising its claim, the defendant misconstrues the "fact in issue" that the court was called on to review. The defendant asserts in its principal brief that the "only proper inquiry for the Superior Court was whether substantial evidence supported the hearing officer's decision that the plaintiff's claim for damages beyond March, 1994, was too speculative to expand

In raising its claim, however, the defendant additionally refers, in part, to numerous findings that the court inserted into its memorandum of decision related to whether the plaintiff would have accepted a position in New Jersey or remained at the defendant company until her retirement. As mentioned in our discussion of the appropriate standard of review, it rests within the province of the administrative agency to weigh the evidence and to adjudicate the facts. Id., 200–201. A court, in reviewing an administrative agency's decision, cannot "substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. . . ." General Statutes § 4-183 (j). We further reiterate that "[a]n administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the *fact in issue* can be reasonably inferred." (Emphasis added; internal quotation marks omitted.) *Elf* v. *Dept. of Public Health*, 66 Conn. App. 410, 418, 784 A.2d 979 (2001).

In its memorandum of decision, the court set forth a series of facts that were not addressed by the hearing officer and that were extraneous to analyzing the exact issue before the court. Specifically, the court referred to the testimony of Joel Parisy, the manager of the HVAC department, stating that he personally recommended that the plaintiff be rehired in the future; the

the back pay award." The hearing officer explicitly stated in the order for damages that the plaintiff's argument that she would have worked for the defendant until her retirement *"is speculative in light of the corporation's downsizing and relocation to New Jersey."* (Emphasis added.) Moreover, the order is clear that the hearing officer based the award of damages on her conclusion that the defendant had laid off all of its HVAC engineers, except Halpern, by March, 1994. The hearing officer did not refer to, nor did she appear to take into account, the plaintiff's arguments that she would have remained in the defendant's employ after March, 1994. Any such inquiry would have been pointless in light of the hearing officer's conclusion that the defendant had discharged all of its HVAC engineers. Accordingly, the court properly reviewed the record for a substantial basis from which the "fact in issue" reasonably could be inferred.

plaintiff's testimony that Parisy informed her that he would not discharge two other HVAC engineers, Ashok G. Krishnamurthy and Frank Tierno, because one was getting married and the other recently had purchased a home; the plaintiff's testimony that after the termination of her employment, she unsuccessfully sought to obtain other employment in the engineering field; that she would relocate for a job opportunity; that she had accepted employment that was not engineering related to earn an income and that she unsuccessfully applied twice for jobs in the defendant's New Jersey office. During the hearing, the hearing officer did not refer to any of that testimony or evidence, nor does the record reveal that the hearing officer contemplated or took into account any of those statements.

We, accordingly, agree with the defendant that the court improperly invaded the realm of the hearing officer in making those additional findings of fact. We conclude, however, that the extraneous findings did not influence or impact the court's ultimate determination. The principal issue before the court was whether substantial evidence existed in the record to support the hearing officer's award of damages, which was based on her finding that the defendant had laid off all but one of its HVAC engineers by March, 1994. Although the court engaged in fact-finding and went beyond the exact inquiry with which it had been presented, it nonetheless continued to review the record appropriately to determine whether substantial evidence supported the hearing officer's award on the ground of layoffs in 1994.[9]

In its memorandum of decision, the court stated that it had "searched the stipulated portions of the record

---

[9] We note that in its memorandum of decision, the court did not intermingle the additional facts it found with its review of the record for evidence supporting whether the defendant had engaged in layoffs in 1994. The court separately set forth the two groups of facts.

and determined that the fundamental conclusion reached by the commission that 'all remaining employees in the HVAC department were laid off, except Carl Halpern,' is unreasonable in light of the substantial evidence to the contrary." On the basis of our review of the stipulated record and the memorandum of decision, we conclude that the court relied only on those facts related to the defendant's actions in 1994 in analyzing the salient issue before it and reaching its ultimate determination.[10]

Despite our conclusion, however, that the additional facts found were harmless relative to the court's decision, we nevertheless agree with the defendant that those findings were improper and could act impermissibly to influence the commission on remand. Specifically, on remand, the commission would be compelled to adopt those additional facts found in redetermining the proper award of damages. We therefore reverse the judgment to the extent that the trial court made findings of facts that are unrelated to the central issue of whether the defendant engaged in department wide layoffs in 1994.[11] We affirm, however, the court's decision to sustain the plaintiff's appeal with respect to the limited

[10] The defendant asserts that this case is governed by the ruling of our Supreme Court in *Miko* v. *Commission on Human Rights & Opportunities*, supra, 220 Conn. 192. The defendant's reliance is misplaced. In *Miko*, our Supreme Court reversed the judgment of the trial court and ordered that court on remand to dismiss the plaintiff's appeal because the trial court considered evidence that had been excluded by the hearing officer and made findings of facts on the basis of that evidence. Id., 201. In the present case, the court restricted its inquiry to those facts contained in the stipulated record. To the extent that the court engaged in fact-finding, unlike the situation in *Miko*, those facts found were irrelevant to the ultimate conclusion. Accordingly, the holding of *Miko* is not controlling.

[11] Specifically, we refer to the findings contained on pages twelve through fourteen of the memorandum of decision, namely, Parisy's testimony that he personally would have recommended that the plaintiff be rehired and her competence; testimony about the plaintiff's performance evaluation; the plaintiff's testimony about why Krishnamurthy and Tierno were not fired; and the plaintiff's testimony about her job searches after her termination.

issue of whether substantial evidence existed to support the hearing officer's decision to restrict the award of damages on the basis of layoffs that occurred in 1994.

The judgment is reversed with respect to the findings of fact that were made by the trial court on pages twelve through fourteen of its memorandum of decision and the matter is remanded to that court with direction to vacate those findings and to remand the matter to the commission for further proceedings consistent with this opinion.[12] The judgment is affirmed with respect to the limited issue of whether substantial evidence existed to support the hearing officer's decision to restrict the award of damages on the basis of layoffs that occurred in 1994.

In this opinion the other judges concurred.

---

[12] In issuing the remand, we note that the defendant also challenges the remand by the trial court. The defendant argues in its principal brief that the court's remand improperly "decided that the plaintiff's back pay damages could not be limited in the manner decided by the commission." We agree with the defendant to the extent that its claim refers to the court's additional findings of fact and, accordingly, have ameliorated that issue.

We disagree with the defendant, however, in its argument that notwithstanding the improper fact-finding, the court's remand improperly was restrictive. "[W]hen a trial court concludes that an administrative agency has made invalid or insufficient findings, the court must remand the case to the agency for further proceedings if the evidence does not support only one conclusion as a matter of law . . . ." (Internal quotation marks omitted.) *Salmon* v. *Dept. of Public Health & Addiction Services*, 259 Conn. 288, 304–305, 788 A.2d 1199 (2002). As the defendant argues, the court "should remand the matter to the commission with an instruction to fashion an appropriate back pay remedy based on a full review of the administrative record." In remanding the matter for further proceedings, we have in fact accomplished that. We have adhered to the precedent of our Supreme Court and the statutory mandate set forth in General Statutes § 4-183 (j) in issuing that remand.