# SHERIF M. LAWENDY *v.* CONNECTICUT BOARD OF VETERINARY MEDICINE ET AL.
## (AC 27830)

DiPentima, Harper and Hennessy, Js.

Argued December 4, 2007—officially released July 15, 2008

*Emily V. Melendez*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Richard J. Lynch*, assistant attorney general, for the appellants-appellees (defendants).

*Laurel Fedor*, for the appellee-appellant (plaintiff).

*Opinion*

HENNESSY, J. The defendants, the Connecticut board of veterinary medicine (board) and the department of public health (department), appeal from the judgment of the trial court reversing the board's finding of negligence on the part of the plaintiff, Sherif M. Lawendy, under General Statutes § 20-202 (2).[1] The

---

[1] General Statutes § 20-202 provides in relevant part: "After notice and opportunity for hearing as provided in the regulations established by the Commissioner of Public Health, said board may take any of the actions set forth in section 19a-17 for any of the following causes . . . (2) proof that the holder of such license or certificate has become unfit or incompetent or has been guilty of cruelty, unskillfulness or negligence towards animals and birds . . . ."

We note that the board prevailed before the trial court in that the sanctions that it imposed on the plaintiff were upheld by the court. It did not prevail, however, on the allegation that the plaintiff's actions constituted negligence.

plaintiff cross appeals, claiming that the court improperly (1) failed to remand the case to the board after overturning one of its findings, (2) affirmed the board's finding that the department provided adequate notice for one of the charges against him, (3) affirmed the board's decision to admit sworn statements when the witness was not present for cross-examination, (4) affirmed the board's finding that the veterinary clinic where he practiced was not a hospital under General Statutes § 20-205 and (5) affirmed the board's finding that the plaintiff assisted in the unauthorized practice of veterinary medicine under § 20-202 (8).

The following facts, found by the board, and procedural history are necessary for our resolution of these appeals. Prior to and during the incident giving rise to this litigation, the plaintiff held a Connecticut veterinary license. On September 30, 2004, the department presented the board with a statement of charges against the plaintiff that charged him with a violation of § 20-202 (2) and (8). The plaintiff filed an answer to the charges on December 10, 2004. The board held an administrative hearing on February 9, 2005, at which the parties were represented by counsel. From about June, 2001, through about July, 2003, Elena Alvarez was not licensed to practice veterinary medicine in Connecticut. During this time, Alvarez was employed by the plaintiff, who allowed her to perform neutering surgeries on male shelter cats. The board found that the

Even though the court affirmed the imposition of sanctions, the board is aggrieved by the court's ruling as to its negligence claim and, therefore, is entitled to appeal. See *In re Allison G.*, 276 Conn. 146, 883 A.2d 1226 (2005). A reversal of the ruling on the negligence count could be relevant in any later disciplinary proceeding by the board against the plaintiff. See *Statewide Grievance Committee* v. *Burton*, 282 Conn. 1, 917 A.2d 966 (2007). In addition, the board may be said to possess an "institutional interest" in its ruling, as it will affect its decision making in the future. See *Williams* v. *Commission on Human Rights & Opportunities*, 257 Conn. 258, 265, 777 A.2d 645, aff'd after remand, 67 Conn. App. 316, 786 A.2d 1283 (2001).

department met its burden of proof with respect to all charges, citing General Statutes § 20-197.[2] The board found that the plaintiff's claimed defense that he was allowed to supervise his staff in such procedures under the Connecticut board of veterinary medicine rules of practice was not valid because the regulations do "not authorize veterinarians to aid and abet the unlicensed practice of veterinary medicine." The board further rejected the plaintiff's claim that Alvarez was training under him to become licensed in Connecticut in his hospital, because no evidence was presented that Alvarez was involved in educational training, and the veterinary hospital was not an educational institution or laboratory.

The plaintiff appealed from the decision of the board on August 23, 2005, pursuant to General Statutes § 4-183 (a). After the parties filed briefs, the court, *Hon. Howard T. Owens, Jr.*, judge trial referee, issued its memorandum of decision on June 15, 2006. The court agreed with the plaintiff that the department failed to meet its burden to show negligence under § 20-202 (2) because there was no evidence produced that any feral cat had been actually injured. In making this finding, the court cited *RK Constructors, Inc.* v. *Fusco Corp.*, 231 Conn. 381, 384, 650 A.2d 153 (1994), for the proposition that "[t]he essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." The court upheld

[2] General Statutes § 20-197 provides in relevant part: "No person shall practice veterinary medicine, surgery or dentistry until he has obtained a license as provided in section 20-199. A person shall be construed to practice veterinary medicine, surgery or dentistry, within the meaning of this chapter, who holds himself out as being able to diagnose, administer biologics for, treat, operate or prescribe for any animal or bird disease, pain, injury, deformity or physical condition, or who either offers or undertakes, by any means or methods, to diagnose, administer biologics for, treat, operate or prescribe for any animal or bird disease, pain, injury, deformity or physical condition. . . ."

the board's decision that the plaintiff violated § 20-202 (8) and the board's rejection of his claim that he was providing educational training at his "hospital." The court further found that the plaintiff had sufficient notice of the charges against him and that admission of the prior disciplinary action against him as relevant evidence was reasonable. Last, the court found that it was unclear as to whether Alvarez was able to testify and that the plaintiff was not substantially prejudiced by the admission of Alvarez' signed affidavit.

The defendants filed their appeal on July 3, 2006, and the plaintiff filed his cross appeal July 12, 2006.

General Statutes § 4-183 (j)[3] governs appellate review of agency decisions. "[W]e note that our review of an administrative appeal is limited. Our Supreme Court has established a firm standard that is appropriately deferential to agency decision making, yet goes beyond a mere judicial rubber stamping of an agency's decisions. . . . Courts will not substitute their judgment for that of the agency where substantial evidence exists on the record to support the agency's decision, and where the record reflects that the agency followed appropriate procedures." (Citations omitted; internal quotation marks omitted.) *Menillo* v. *Commission on*

---

[3] General Statutes § 4-183 (j) provides: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section, a remand is a final judgment."

*Human Rights & Opportunities*, 47 Conn. App. 325, 331, 703 A.2d 1180 (1997).

"Judicial review of the conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Although the interpretation of statutes is ultimately a question of law . . . it is the well established practice of this court to accord great deference to the construction given [a] statute by the agency charged with its enforcement. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." (Citations omitted; internal quotation marks omitted.) *State Board of Labor Relations* v. *Freedom of Information Commission*, 244 Conn. 487, 494, 709 A.2d 1129 (1998). Our task is to review the court's decision to determine whether it comports with the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq., and whether "the court reviewing the administrative agency acted unreasonably, illegally, or in abuse of discretion." (Internal quotation marks omitted.) *Ferreira* v. *Zoning Board of Appeals*, 48 Conn. App. 599, 605, 712 A.2d 423 (1998).

I

APPEAL BY BOARD AND DEPARTMENT

The defendants' appeal centers around the court's ruling that actual injury is necessary for a finding of negligence under § 20-202 (2).[4] In reaching its conclusion that the board had improperly disciplined the plaintiff for a violation of § 20-202 (2), the court noted that

---

[4] See footnote 1 of this opinion.

"[t]he essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury"; (internal quotation marks omitted); and concluded that "the board erred in finding that the plaintiff was negligent . . . absent a showing of actual injury." The defendants argue that § 20-202 (2) does not require proof that an animal had sustained actual injury in order to discipline a veterinarian for "negligence towards animals and birds"; General Statutes § 20-202 (2); and that it was improper to apply a common-law tort standard to an administrative disciplinary action. The plaintiff claims that the tort standard is the appropriate standard. We agree with the defendants.

We recognize that the common-law tort standard was appropriately set forth by the court, but it overlooks the implication in administrative case law that the tort standard is not necessarily applicable to this type of case.[5] See *Solomon* v. *Connecticut Medical Examining Board,* 85 Conn. App. 854, 859 A.2d 932 (2004), cert. denied, 273 Conn. 906, 868 A.2d 748 (2005); *Wasfi* v. *Dept. of Public Health,* 60 Conn. App. 775, 761 A.2d 257 (2000), cert. denied, 255 Conn. 932, 767 A.2d 106 (2001). *Solomon* addresses negligence in the practice of medicine and the opinion focused on the "*threat*" that the physician's practice of medicine posed to the health and safety of persons. (Emphasis added.) *Solomon* v. *Connecticut Medical Examining Board,* supra, 858, 867. *Wasfi* deals directly with the statute at issue here. *Wasfi* v. *Dept. of Public Health,* supra, 779. In reaching its conclusion, this court was "[m]indful of the board's purpose of insuring proper veterinary care and the protection of the public health, considering the convenience and welfare of the animals being treated . . . ."

[5] "Negligence" has been generally defined as "any conduct that falls below the legal standard established to protect others against unreasonable risk of harm . . . ." Black's Law Dictionary (7th Ed. 1999).

(Internal quotation marks omitted.) Id., 793; General Statutes § 20-196. The veterinarian in *Wasfi* argued that his misconduct did not seriously injure the animal he had treated, but this court believed that the argument "miss[ed] the point" that the misconduct at issue could demonstrate "a risk that he would perform below the standard of care in the future." *Wasfi* v. *Dept. of Public Health*, supra, 794. "It is rational to allow the board, comprised in part of professionals, to protect the quality of the profession and the care given to animals by adjudicating alleged instances of unskillfulness or misconduct by licensed practitioners." Id., 790. Further, the board's findings that the veterinarian's conduct deviated from the standard of care to such an extent that sanctions on his license were warranted was a proper exercise of the board's authority under § 20-202 (2). Id.

The charges brought against the plaintiff by the department and determined by the board were a disciplinary action, and the court improperly restricted the definition of negligence as used in § 20-202 (2) to the common-law tort standard. In the interest of judicial economy, we have reviewed the record and determined that there was substantial evidence to support the board's finding of negligence on the part of the plaintiff. See *Connecticut Light & Power Co.* v. *Dept. of Public Utility Control*, 216 Conn. 627, 639, 583 A.2d 906 (1990). Accordingly, we conclude that the court improperly overturned the board's finding with respect to negligence.

II

CROSS APPEAL BY PLAINTIFF

A

The plaintiff's first claim on cross appeal is that the court improperly failed to remand the case to the board after overturning the board's finding with respect to

§ 20-202 (2). Because we concluded in part I of this opinion that the board's finding of negligence should be upheld, it is not necessary to review this claim because it is moot. See *Ayala* v. *Smith*, 236 Conn. 89, 94, 671 A.2d 345 (1996).

B

The plaintiff's next claim is that he was not provided with sufficient notice of the charges against him because the statement of charges did not reference § 20-197.[6] He argues that he was prejudiced by the inadequate notice because he was prevented from preparing an adequate defense. The defendants argue that upon review of the charges, it is clear that the board was required to make a determination of whether an unlicensed person was practicing veterinary medicine and that further, the plaintiff was not and could not himself be charged with a violation of this statute because he was at all times a licensed veterinarian. We agree with the defendants.

Recent case law sheds light on this issue. "[T]he purpose of notice is to advise the party of the law and fairly indicate the legal theory under which such facts are claimed to constitute a violation of the law." *Cornelius* v. *Dept. of Banking*, 94 Conn. App. 547, 556, 893 A.2d 472, cert. denied, 278 Conn. 913, 899 A.2d 37 (2006).

The statement of charges alleged in relevant part that "[f]rom about June, 2001, through about July, 2003, [the plaintiff] employed an unlicensed person, Elena Alvarez. During that time period, [the plaintiff] allowed Elena Alvarez to perform neutering surgeries on male cats. . . . The above described facts constitute grounds for disciplinary action pursuant to . . . § 20-202, including but not limited to: [a] § 20-202 (2); and/or, [b] § 20-202 (8)."[7]

---

[6] See footnote 2 of this opinion.

[7] General Statutes § 20-202 provides in relevant part: "After notice and opportunity for hearing as provided in the regulations established by the

Pursuant to the statute, an individual violates § 20-202 (8) by employing a person unlawfully practicing veterinary medicine. The theory of the case and the listing of § 20-202 (8) as one of the charges clearly apprised the plaintiff of the laws that he was charged with violating and the legal theory behind the violation. The plaintiff had notice of the charges against him and as such his defense was not prejudiced.

C

The plaintiff claims that it was improper to admit a sworn statement from Alvarez when he did not have the opportunity to cross-examine her at the hearing. The defendants correctly argue that the plaintiff did not meet his burden to show that this admission of evidence substantially prejudiced him.

The trial court in reviewing this issue asserted the correct standard of review. That court cited *Ann Howard's Apricots Restaurant, Inc.* v. *Commission on Human Rights & Opportunities*, 237 Conn. 209, 230–31, 676 A.2d 844 (1996), for the proposition that "[t]o establish a violation of the right to cross-examination, a party who has been deprived of its opportunity to conduct a full and complete cross-examination must additionally show that such deprivation has caused substantial prejudice."

To begin, it is unclear from the record whether the plaintiff was deprived of the opportunity to cross-examine Alvarez. The board has the authority to issue subpoenas under General Statutes § 19a-10 but was not requested to do so by the plaintiff in this case. Further, we note that in the sworn statement, Alvarez stated only that she performed cat neuters while she was

Commissioner of Public Health, said board may take any of the actions set forth in section 19a-17 for any of the following causes . . . (8) knowingly having professional association with, or knowingly employing any person who is unlawfully practicing veterinary medicine . . . ."

employed by the plaintiff. This information had already been put forth through the investigation report, which was also admitted as evidence in this case. The plaintiff failed to show that he was prejudiced by the admission of Alvarez' sworn statement.

D

The plaintiff also claims that the court improperly found that the veterinary hospital was not a hospital or laboratory engaged in research or studies involving the use of medical or surgical procedures under § 20-205.[8] The defendants assert that there is substantial evidence in the administrative record to support the agency's findings and that the findings were reasonable. We agree with the defendants.

Section 20-196-3 (c) of the Regulations of Connecticut State Agencies provides: " 'Hospital' means a veterinary hospital is a facility for medical and surgical treatment of animals. The practice conducted within this facility includes the confinement as well as the treatment of patients. Veterinary service should be available 7 days a week and emergency service should be available on a 24-hour basis." The court agreed with the defendants' claim that the plaintiff's practice did not qualify as a hospital under this definition because the plaintiff could be reached only through an answering machine twenty-four hours per day. Further, the claimed exception is available only for "research or studies involving the use of medical [or] surgical . . . procedures . . . ." General Statutes § 20-205. The challenged procedures in

---

[8] General Statutes § 20-205 provides in relevant part: "The provisions of this chapter shall not apply to any hospital, educational institution or laboratory or any state or federal institution, or any employee of, student in or person associated with any such hospital, educational institution or laboratory or state or federal institution, while engaged in research or studies involving the use of medical, surgical or dental procedures, or to the owner of any animal or livestock or his or her employee while administering to such animal or livestock."

this case were not conducted in an educational setting, and Alvarez' neutering of feral cats was not part of research or a study. The court correctly found that this exception did not apply to the plaintiff.

## E

The plaintiff's final claim is that the court improperly found that he assisted in the unauthorized practice of veterinary medicine under § 20-202 (8).[9] The defendants claim that there was substantial evidence in the administrative record for such a finding. We agree with the defendants.

"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." (Internal quotation marks omitted.) *Slootskin* v. *Commission on Human Rights & Opportunities*, 72 Conn. App. 452, 457–58, 806 A.2d 87, cert. denied, 262 Conn. 910, 810 A.2d 275 (2002).

The board found that during the relevant time, Alvarez was not licensed to practice veterinary medicine in Connecticut, a fact of which the plaintiff was aware. During her employment with the plaintiff, Alvarez was allowed to perform neutering surgeries on male cats. Substantial evidence in the record supports these findings of fact, especially admissions from the plaintiff himself and a signed voluntary statement from Alvarez that she performed neutering surgeries on stray cats. Further, when a board member asked the plaintiff: "Do you believe now or did you ever believe that neutering a cat is the practice of veterinary medicine?" the plaintiff conceded, "Yes, it is the practice of veterinary medicine."

---

[9] See footnote 7 of this opinion.

It is clear from the record that the plaintiff knew that Alvarez was not licensed to practice veterinary medicine and that he nevertheless allowed her to practice veterinary medicine in his facility. There was substantial evidence to find that the plaintiff violated § 20-202 (8).

On the appeal, the judgment is reversed only as to the determination that the plaintiff's conduct did not constitute negligence, and the case is remanded to the trial court with direction to deny the plaintiff's appeal on that issue. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.